# EXHIBIT 1

# SECURITY AGREEMENT

**DATED:** _____, 2016

**EFFECTIVE DATE:** March 9, 2015

**SECURED PARTY:** Woodland Drive LLC ("**Investor**")

**GRANTOR:** James Courtovich ("**Courtovich**")

## BACKGROUND:

Investor has invested Four Million Dollars ($4,000,000) ("**Loan**") for the benefit of S.G.R. LLC, Government Relations and Lobbying, a Delaware limited liability company (the "**Company**"). Investor has agreed that approximately Two Million Dollars ($2,000,000) of the Loan ("**Real Estate Loan**") shall be used to purchase real estate in Washington, D.C. (the "**Real Estate**") in the name of Courtovich as evidenced by the Operating Agreement of the Company, effective as of January 1, 2015 (the "**Operating Agreement**")

Courtovich agrees to grant Investor a security interest in the Real Estate to secure the performance and observation by Company of all of the covenants, obligations, representations and warranties related to the Real Estate Loan, evidenced by the Operating Agreement and by this Security Agreement (collectively referred to herein as the "**Obligations**").

## AGREEMENTS:

In consideration of the premises and mutual covenants and promises contained herein, the parties named above agree as follows:

1. Application of UCC. "**UCC**" means the Uniform Commercial Code as the same may from time to time be in effect in the District of Columbia; *provided, however,* in the event that, by reason of mandatory provisions of law, any or all of the attachment, perfection or priority of Investor's security interest in any "**Collateral**" (as defined in Section 2 below) is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the District of Columbia, the term "**UCC**" shall mean the Uniform Commercial Code as in effect at such time in such other jurisdiction for purposes of the provisions hereof. Unless otherwise defined in this Security Agreement, all terms defined in the Uniform Commercial Code and used herein shall have the same definitions herein as specified therein whether or not such term is capitalized. Filing to take place on August 1, 2016.

2. Grant of Security Interest. In order to secure payment and performance of the Obligations, Courtovich hereby grants to Investor a security interest in the Real Estate (referred to herein as the "**Collateral**").

NAI-783212655v3

3. <u>Courtovich's Representations, Warranties and Covenants.</u> Courtovich represents, warrants and covenants that:

   a. Courtovich has full power and authority to execute this Security Agreement and to subject the Collateral to the security interest created hereby;

   b. This Security Agreement and the Operating Agreement have been duly authorized by all necessary action;

   c. Courtovich authorizes Investor to file at any time, and from time to time, financing statements and amendments thereto or other similar instruments, and perform such acts as Investor reasonably may request to establish and maintain a valid and properly perfected security interest in the Collateral;

   d. Courtovich will keep accurate and complete records of the Collateral at all times and permit Investor to inspect the records and the Collateral at all reasonable times. Upon request of Investor, Courtovich will furnish such reports and statements as Investor reasonably may request with respect to the Collateral; and

4. <u>Other Covenants of Courtovich.</u> So long as any of the Obligations, including under the Operating Agreement or this Security Agreement or any part thereof, remains unpaid or unperformed, Courtovich further covenants and agrees that:

   a. Courtovich shall not sell or otherwise transfer or dispose of the Collateral without prior notice to and consent of the Investor;

   b. Courtovich shall promptly pay all taxes and other governmental charges' levied or assessed upon or against any Collateral;

   c. Courtovich shall keep the Collateral free and clear from all claims, liens or encumbrances, except for the security interest granted hereby or otherwise consented to by Investor; and

5. <u>Events of Default.</u> Courtovich shall be in default under this Security Agreement upon the happening of any of the following events (each an "**Event of Default**"):

   a. Any representation or warranty made by Courtovich in this Security Agreement proves to be materially false or misleading;

   b. Courtovich materially breaches any of his other covenants, obligations or duties under this Security Agreement and such default remains uncured after the expiration of any cure period, if applicable, following written notice of such default if required;

   c. Courtovich files a petition in bankruptcy, insolvency or receivership; or if such petition is filed against Courtovich and is not dismissed within thirty (30) days of filing; or if Courtovich makes an assignment for the benefit of creditors; or

   d. A garnishment, summons or a writ of attachment is issued against or served upon Investor regarding the attachment of any property of Courtovich or any indebtedness owing to Courtovich and is not dismissed within thirty (30) days of filing or otherwise consented to by Investor.

6. <u>Remedies Upon Default</u>. Upon the occurrence of an Event of Default as set forth in the preceding paragraph and such Event of Default remains uncured after the applicable cure period following written notice of default, Investor may exercise any and all of the following remedies provided hereunder or under applicable law. No exercise of any one or more of such remedies shall preclude Investor from exercising any other such remedy at the same time or any other time. Investor may:

   a. Declare the balance of Real Estate Loan to be paid under the Operating Agreement, to be due and payable immediately; and

   b. Exercise any and all of the remedies of a Investor under the Uniform Commercial Code with respect to the Collateral, including the right to offer and sell the Collateral privately to purchasers. If notice to Courtovich is required by law in a particular instance, such notice shall be deemed to be commercially reasonable if given at least ten (10) calendar days prior to the date of the intended disposition or other action. Courtovich will pay any deficiency that may remain after exercise of such rights. All of Investor's rights hereunder are cumulative and no waiver of any default shall affect any subsequent default.

7. <u>No Waiver</u>. Waiver by Investor of any default of Courtovich hereunder shall not be a waiver of any default or of the same default on a later occasion. No delay or failure by Investor to exercise any right or remedy shall be a waiver of such right or remedy. No single or partial exercise by Investor of any right or remedy shall preclude other or further exercise of such right or remedy at any other time.

8. <u>Notices.</u> All notices to be given to Courtovich shall be deemed sufficiently given if delivered by courier, or mailed, emailed or faxed with receipt acknowledged, to Courtovich at the most recent address shown on Investor's records.

10. <u>Survival.</u> All representations, warranties and covenants contained in this Security Agreement shall survive the execution, delivery and performance of this Security Agreement and the creation and payment of the Obligations.

11. <u>Modification.</u> No waiver, modification, amendment or termination of this Security Agreement or any provision hereof shall be effective unless contained in a writing signed by the party to be bound thereby.

12. <u>Successors and Assigns</u>. This Security Agreement shall be binding upon and inure to the benefit of Courtovich and Investor and their respective heirs, representatives, successors and assigns.

13. <u>Applicable Law</u>. This Security Agreement and all rights and obligations hereunder shall be governed by and interpreted under the laws of the State of Delaware, without application of any choice of law considerations.

14. <u>Entire Security Agreement.</u> This Security Agreement represents the only agreement among the parties concerning the subject matter hereof and supersedes all prior agreements, whether written or oral, relating thereto. Copies of this Security Agreement with signatures transmitted electronically (e.g., by facsimile or pdf) shall be deemed to be original signed versions of this Security Agreement.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties have executed this Security Agreement as of the Effective Date.

**GRANTOR**

JAMES COURTOVICH

By: _/s/ James Courtovich_____

**SECURED PARTY**

WOODLAND DRIVE LLC

By: _____

Name:  Simon Charlton

Title:  Manager

5